UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLDIN GONZALEZ,

       Petitioner,

v.                                  Case No. 2:25-cv-1227-JES-DNF

DAVID HARDIN, et al.,

       Respondents.

_____/

<u>**OPINION AND ORDER**</u>

Before the Court are Oldin Gonzalez's petition for writ of habeas corpus (Doc. 1) and the Government's response (Doc. 6). For the following reasons, the petition is granted.

## I.   Background

Gonzalez is a native and citizen of Guatemala. (Doc. 1 at 3). He entered the United States without inspection on May 23, 2003 when he was seventeen years old. (Id.) He has no criminal convictions and is the sole support of his three United States citizen children. (Id.) Gonzalez has a pending application for cancelation of removal. (Id. at 7). He is currently detained by Respondents at the Glades County Detention Center in Moore Haven, Florida. (Id. at 1). He is being held under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2)

## II.   Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act

("INA") applies to Gonzalez.  The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Gonzalez asks the Court to order the respondents to either release him or provide a prompt bond hearing.  (Doc. 1 at 7–8).

Respondents argue that Gonzalez's continued detention does not violate the Constitution, that the Court lacks jurisdiction to consider this petition, that Gonzalez has not properly exhausted his administrative remedies, and that Gonzalez is not eligible for a bond hearing because he is properly detained under 8 U.S.C. § 1225. (Doc. 5).

The Court has rejected identical arguments in recent cases presenting the same issues.  See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025).  In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief.  The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§

1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in the prior cases, Gonzalez's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Gonzalez is entitled to the statutory process under § 1226(a), which includes a bond hearing.  See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court is aware that the Executive Office for Immigration Review (EOIR) is the agency that schedules bond hearings.  In other cases before this Court, Respondents have claimed they cannot direct the EOIR when to correct a bond hearing.  Regardless, subjecting Gonzalez to mandatory detention under § 1225(b)(1) is unlawful.  If Respondents are unable to ensure Gonzalez receives a § 1226(a) bond hearing within ten days, they must release him.

Accordingly, it is hereby **ORDERED**:

1.  Oldin Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.  Within **TEN (10) DAYS** Respondents shall either provide Gonazalez with the statutory process required under § 1226, which includes a bond hearing or release him under reasonable conditions of supervision.

3.  If Respondents release Gonzalez, they shall facilitate

his transportation from the detention facility by notifying his counsel when and where he may be collected.

    4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[1]

    **DONE AND ORDERED** in Fort Myers, Florida on January 9, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). No final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.